UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KAMIE KAHLO and DANIEL KAHLO, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BANK OF AMERICA, N.A. and BAC HOME LOANS SERVICING, L.P.,

Defendants.

CASE NO. C12-0083RSM

ORDER GRANTING MOTION FOR REMAND

This matter is now before the Court for consideration of plaintiff's motion for remand. Dkt. # 8. This action was filed in King County Superior Court on or about December 11, 2011, and defendant removed it to this Court on January 13, 2012. Plaintiff timely moved for remand, but defendants have opposed the motion. Having considered the Notice of Removal, the complaint, and the balance of the record, the Court has determined that the action must be remanded to state court.

LEGAL STANDARD AND ANALYSIS

Plaintiffs Kamie and Daniel Kahlo filed this action in Washington state court, asserting causes of action for breach of contract, promissory estoppel, unjust enrichment and violation of the Washington Consumer Protection Act, RCW 19.86 ("CPA"). These claims are related to plaintiffs' mortgage: plaintiffs allege that B of A offered them a loan modification, that they accepted the offer by signing and

ORDER GRANTING MOTION FOR REMAND - 1

returning the offer letter, but that B of A refuses to treat their mortgage as modified. They seek specific performance of the mortgage modification agreement, injunctive and declaratory relief, and actual and statutory damages. The complaint does not, however, request any specific amount of damages. Defendants Bank of America, N.A. and BAC Home Loan Servicing, L.P. (together, "B of A"), removed this action from state court pursuant to 28 U.S.C. § 1446(a), invoking this Court's jurisdiction on diversity grounds under 28 U.S.C. § 1332, as well as federal question jurisdiction under § 1331. Dkt. # 1. Plaintiffs have moved for remand on the basis that there is no federal question presented in the complaint, and the jurisdictional amount of $75,000 has not been met.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. Of Am.*, 511 U.S. 375, 377 (1994). Pursuant to federal statutes, a federal district court has subject matter jurisdiction over a case only if the complaint alleges a federal cause of action or the amount in controversy exceeds $75,000 and the parties are citizens of different states. See 28 U.S.C. § 1331, 1332(a). In other words, a federal court may only hear those cases the Constitution and Congress have authorized; namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen*, 511 U.S. at 377.

For cases removed from state court, the "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "If a district court lacks subject matter jurisdiction over a removed action, it has the duty to remand it . . . " *Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998).

A federal case that relies on § 1332 as a source of jurisdiction must satisfy a jurisdictional minimum of $75,000. *See. Singer v. State Farm Mutual Auto. Ins. Co.*, 116 F.3d 373, 375 n. 1 (9th Cir.1997). Where, as here, the complaint filed in state court does not specify damages in excess of the required federal jurisdictional limit, "it is not facially evident from the complaint that the controversy involves more than $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1091 (9th

ORDER GRANTING MOTION FOR
REMAND - 2

Cir.2003); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir.2004). Accordingly, the removing defendant must set forth "in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Gaus*, 980 F.2d at 567; *see also Wilson v. Union Security Life Ins. Co.*, 250 F.Supp.2d 1260, 1261-63 (D.Idaho 2003).  The facts set forth must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *Matheson v. Progressive Specialty Ins. Co.*, 319 F. 3d at 1090.  The "preponderance of the evidence" standard has been incorporated into the removal statute in the Federal Court's Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, title I, §§ 103(b), 104, Dec. 7, 2011, 125 Stat. 758.  The relevant section, codified at 28 U.S.C. § 1446(c)(2)(B), took effect January 6, 2012 and applies to this removal.

Defendants here have failed to make the requisite showing of facts to support the jurisdictional amount.  The Notice of Removal correctly identifies the parties' diversity of citizenship as a basis for jurisdiction under § 1332, but does not establish that the amount in controversy exceeds $75,000.  The Notice of Removal is devoid of factual allegations, and defendants have not appended a declaration stating the requisite facts.  Instead, defendants offer speculation based upon flawed assumptions.

First, defendants cite a case from this district for the principle that "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." Notice of Removal, Dkt. # 1, p. 4; *quoting Henderson v. Nationstar Mortgage,* 2008 WL 302374 at *1 (W.D.Wash. 2008).  According to defendant, the object of the litigation is the mortgage, so the amount in controversy is the amount of the mortgage balance, which is either $209, 854.22 or $211, 567.88.  *Id*.  However, the *Henderson* case cited by defendant was an action contesting foreclosure, and the plaintiffs were requesting rescission of the loan and other relief.  The *Henderson* court correctly found that the amount in controversy was equal to the amount owed on the loan.  That is not the case here.  Plaintiffs seek specific performance of an alleged mortgage modification agreement.  It is the agreement, not the mortgage itself, which is the object of the litigation.  Defendants have stated no facts regarding the value of that agreement, or potential monetary damages flowing therefrom, either in the Notice of Removal or by declaration.

ORDER GRANTING MOTION FOR
REMAND - 3

Defendants also contend that attorneys' fees should be included in determining whether the $75,000 minimum has been met.  Defendants correctly state that "the amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract."  Defendants' Opposition, Dkt. # 1, p. 6; *citing Kroske v. U.S. Bank Corp.*, 432 F. 3d 976, 980 (9th Cir. 2005.  Plaintiffs' cause of action under the CPA includes a request for attorney's fees.   However, defendants have failed to state facts to establish any actual amount for those fees.  They simply assert that if plaintiffs prevail, "they are likely to seek one-third of any recovery."  *Id*.  However, that statement is not only speculative, it incorrectly assumes that the amount of fees to be considered in the "amount in controversy" calculation includes prospective fees to the end of the case.

There is disagreement among the courts of this circuit as to whether attorneys' fees incurred after the date of removal, up to and through the end of the case, are properly included in the amount in controversy.  *Palomino v. Safeway Insurance Company*, 2011 WL 3439130 (D.Ariz. 2011); *quoting Burk v. Med. Sav. Ins. Co.*, 346 F. Supp. 2d 1063, 1068 (D.Ariz. 2004).  Thus, some courts consider only the fees incurred as of the date of removal, while others include fees incurred after that date. *Compare Faulkner v. Astro-Med, Inc.* , 1999 WL 820198 at *4 (N.D. Cal. 1999) ("When estimating attorneys's fees for the purposes of establishing jurisdiction, the only fees that can be considered are those incurred as of the date of removal."); *Conrad Associates v. Hartford Accident & Indem. Co.*, 994 F. Supp. 1196, 1200 (N.D.Cal. 1998) (declining to consider attorney's fees incurred after the date of removal) *with Brady v. Mercedes-Benz USA Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (including a "reasonable estimate of attorneys fees likely to be expended" in calculating the amount in controversy).

While it appears that the Ninth Circuit Court of Appeals has not yet spoken on the issue, the Seventh Circuit has held that attorneys' fees not yet incurred may not be included in the amount in controversy calculation.  *Hart v. Schering-Plough Corp*., 253 F. 3d 272, 274 (7th Cir. 2001).  This ruling is based on the principle that federal jurisdiction necessarily depends upon circumstances that exist at the time the complaint is filed.  *Id*.  Given that the amount of future attorneys' fees incurred after the date of removal is entirely speculative and may even be avoided,  the Court finds this is the

ORDER GRANTING MOTION FOR
REMAND - 4

better view.   Thus, the Court rejects defendants' inclusion of plaintiff's attorney's fees as speculative and unsupported, and finds they cannot be included in determining the amount in controversy.

In summary, defendants have failed to provide any basis for a finding that the amount in controversy exceeds $75,000.  Defendants arguments against remand are based on speculation and supposition, and defendants have "offered no facts whatsoever to support the court's exercise of jurisdiction." *Gaus*, 980 F.2d at 567.  The mere allegation of a jurisdictional minimum "neither overcomes the 'strong presumption' against removal jurisdiction, nor satisfies [Defendant's] burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $[75,000]." *Id.*; *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 n. 5 (9th Cir.1996).   The Court cannot find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  28 U.S.C. § 1446(c)(2)(B).  Removal on the basis of diversity is therefore improper.

Defendants also contend that the Court has federal question jurisdiction in the matter of plaintiffs' loan modification agreement, noting that plaintiffs have cited to federal programs such as HAMP (Home Affordable Modification Program).  However, nowhere do plaintiffs invoke the protection of any federal law created by these programs.  In general, a federal question invokes a "right or immunity created by the Constitution or laws of the United States." *Gully v. First National Bank*, 299 U.S. 109, 112 (1936).  That federal right or immunity "must be an element, and an essential one, of the plaintiff's cause of action." *Id*.  Plaintiffs seek in this action to compel performance of a contract between themselves and B of A.  Their  references to HAMP in the factual section of their complaint are simply background and context for their breach of contract, unjust enrichment, and promissory estoppel claims.  Plaintiffs do not request any relief under that program, and their references do not state a cause of action, notwithstanding their request for declaratory relief in the form of training to B of A's employees.  *See*, *Nevada v. Bank of America Corp.*, — F. 3d —, 2012 WL 688552 at * 11 (9th Cir. March 2, 2012) ("The Complaint does allege misrepresentation about the federal HAMP program and violations of the Fair Debt Collection Practices Act ("FDCPA"). . . . By so alleging, Nevada does not 'necessarily raise a . . . substantial' issue of federal law.  The 'mere presence of a federal issue in a state

ORDER GRANTING MOTION FOR
REMAND - 5

cause of action does not automatically confer federal-question jurisdiction.'") (citations omitted). Similarly, plaintiffs' references to the HAMP program here do not provide a basis for federal question jurisdiction.

## CONCLUSION

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F.2d at 566. "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*; *see also Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990). The complaint here does not plead an amount in controversy, and defendants have failed to meet the burden of asserting facts which would establish that the amount in controversy exceeds $75,000. Further, defendants have failed to establish that the complaint presents a federal question. As removal jurisdiction "cannot be based simply upon conclusory allegations," this case will be remanded to state court pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

Accordingly, plaintiff's motion for remand (Dkt. # 8) is GRANTED, and this case is hereby REMANDED to the King County Superior Court, Cause No. 11-2-42481-2 SEA.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

DATED this 28 day of March 2012.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE